UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MERYL BRODSKY,<br><br>Plaintiff,<br><br>- against -<br><br>THE NEW YORK CITY CAMPAIGN FINANCE BOARD, STEVEN BANKS, NEW YORK CITY CORPORATION COUNSEL, THE NEW YORK CITY SHERIFF (NON-PARTY), HILLARY WEISMAN, JUSTICE EILEEN A. RAKOWER, [JULIA] LOUISE TOMASSETTI, [JIHEE G. SUH], [FORMER NYC EMPLOYEES]<br><br>Defendants. | 26 Civ. 7892 (PAE) (GS)<br><br>ORDER |

**GARY STEIN, United States Magistrate Judge:**

Plaintiff Meryl Brodsky ("Plaintiff"), proceeding *pro se*, commenced this action on September 8, 2026. (Dkt. No. 1, Complaint ("Compl.")). On October 8, 2026, Plaintiff filed a letter motion seeking my recusal based on rulings issued in a prior action she filed in this District in 2024. (Dkt. No. 12). For the reasons set forth below, the motion for recusal is **DENIED**.

## BACKGROUND

### A. Plaintiff's 2024 Action

Plaintiff has filed a series of *pro se* actions in this Court arising from efforts by the New York City Campaign Finance Board (the "Campaign Finance Board") to recover public matching campaign funds that Plaintiff received during her unsuccessful 2005 run for a seat on the New York City Council. Each of those

actions was dismissed. *See Brodsky v. Carter*, No. 15 Civ. 3469 (GBD) (DF), 2015 WL 13746671 (S.D.N.Y. Dec. 15, 2015), *R&R adopted*, 2016 WL 1258986 (S.D.N.Y. Mar. 28, 2016), *aff'd*, 673 F. App'x 42 (2d Cir. 2016) ("*Brodsky I*"); *Brodsky v. N.Y.C. Campaign Fin. Bd.*, No. 17 Civ. 3186 (AJN) (JLC), 2018 WL 3910825 (S.D.N.Y. Aug. 15, 2018), *aff'd*, 796 F. App'x 1 (2d Cir. 2019) ("*Brodsky II*"); *Brodsky v. N.Y.C. Campaign Fin. Bd.*, No. 21 Civ. 5004 (ER), 2022 WL 2819090 (S.D.N.Y. July 19, 2022), *aff'd*, No. 22-1824, 2023 WL 3162125 (2d Cir. May 1, 2023) ("*Brodsky III*"); *Brodsky v. N.Y.C. Campaign Fin. Bd.*, No. 24 Civ. 2823 (PAE) (GS), 2025 WL 795909 (S.D.N.Y. Jan. 27, 2025), *R&R adopted*, 2025 WL 785756 (S.D.N.Y. Mar. 12, 2025), *aff'd*, No. 25-596, 2025 WL 3062334 (2d Cir. Nov. 3, 2025) ("*Brodsky IV*").

*Brodsky IV*, Plaintiff's most recent action prior to this one, was commenced in 2024 and assigned to the Honorable Paul A. Engelmayer. (*Brodsky IV,* Dkt. No. 1). Defendants Campaign Finance Board; a former and the then-acting New York City Corporation Counsel ("Corporation Counsel"); and the New York City Sheriff (named as a non-party) ("Sheriff") (together, "the moving defendants") moved to dismiss the action as barred by the doctrine of *res judicata*. (*Brodsky IV*, Dkt. No. 15). Judge Engelmayer issued an Order of Reference referring the matter to the undersigned for general pretrial supervision as well as for a report and recommendation on the motion to dismiss. (*Brodsky IV*, Dkt. No. 20).

After the motion was fully briefed (*see Brodsky IV*, Dkt. Nos. 16–18, 22), the moving defendants sought clarification, *inter alia*, as to the status of certain individuals who were listed on the docket as defendants, but who had not been

served and were not named in the caption of Plaintiff's complaint. (*Brodsky IV*, Dkt. No. 23). Those individuals included two former employees of the Campaign Finance Board, Hillary Weisman ("Weisman") and Julia Tomassetti ("Tomassetti"), as well as New York Supreme Court Justice Eileen A. Rakower ("Justice Rakower"). (*Id.*). Having received no response from Plaintiff, the undersigned issued an Order on November 13, 2024 directing the Clerk of Court to remove these individuals from the docket. (*Brodsky IV*, Dkt. No. 24).

On November 17, 2024, Plaintiff submitted a motion and accompanying memorandum of law seeking to amend the Court's November 13, 2024 Order. (*Brodsky IV*, Dkt. Nos. 26 & 27). Plaintiff's motion requested that Justice Rakower, Weisman, and Tomassetti be reinstated as defendants and that another former Campaign Finance Board employee, Jihee G. Suh ("Suh"), be added as a defendant. (*Id.*). That motion was also fully briefed. (*Brodsky IV*, Dkt. Nos. 33 & 34).

On January 27, 2025, the undersigned issued a report and recommendation (the "R&R") recommending that the moving defendants' motion to dismiss be granted because Brodsky's claims were barred by *res judicata*. *Brodsky IV*, 2025 WL 795909, at *4, *9. In light of Plaintiff's intentions as expressed in her motion seeking to restore or add them to the docket, the *Brodsky IV* R&R construed Plaintiff's complaint as naming Weisman, Tomassetti, and Suh as defendants. *Id.* at *5. The R&R further found, however, that because Brodsky sued them in their official capacities, "these individuals are in privity with the Campaign Finance Board, a defendant in *Brodsky I*," for *res judicata* purposes. *Id.* at *5 & n.9.

Therefore, it was appropriate to dismiss Plaintiff's claims against Weisman, Tomassetti, and Suh *sua sponte* as those claims were "barred by *res judicata* for the same reasons" that the claims against the moving defendants were barred. *Id.*

As for Justice Rakower, the *Brodsky IV* R&R declined to construe Plaintiff's complaint as naming her as a defendant, finding that Plaintiff's statements in her motion reinforced the undersigned's prior determination that Plaintiff did not intend to name Rakower as a defendant. *Id.* at *6. The R&R went on to note, however, that even if the complaint were construed to name Justice Rakower, the Second Circuit had already held in *Brodsky II* that Justice Rakower would be entitled to judicial immunity. *Id.* at *6 n.10 (citing *Brodsky II*, 796 F. App'x at 5 n.1).

Plaintiff objected to the R&R. (*Brodsky IV*, Dkt. No. 39). On March 12, 2025, Judge Engelmayer issued an Opinion & Order (the "O&O") rejecting Plaintiff's objections and adopting the R&R in full. *Brodsky IV*, 2025 WL 785756, at *1, *5. Relevant here, the O&O, like the R&R, construed Plaintiff's complaint as asserting claims against the three former Campaign Finance Board employees (Weisman, Tomassetti, and Suh) but not against Justice Rakower. *Id.* at *1 n.2. Judge Engelmayer agreed with the R&R's conclusion that *res judicata* barred Plaintiff's claims against the former Campaign Finance Board employees, as they were in privity with the Campaign Finance Board. *Id.* at *4. He also noted the Second Circuit's prior ruling in *Brodsky II* that Justice Rakower would be entitled to

judicial immunity. *Id.* at *1 n.2. The O&O also overruled Plaintiff's other objections to the R&R, and granted the motion to dismiss. *Id.* at *6.

Plaintiff appealed to the Second Circuit. (*Brodsky IV*, Dkt. No. 43). On November 3, 2025, the Second Circuit affirmed the judgment of the district court by summary order. *Brodsky IV*, 2025 WL 3062334, at *3. The mandate issued on November 24, 2025. (*Brodsky IV*, Dkt. No. 44).

**B. Plaintiff's Recusal Motion**

Plaintiff commenced this action approximately ten months after the Second Circuit's decision. Although filed as a separate action, Plaintiff's Complaint, in its first cause of action, seeks to declare void the judgment issued in *Brodsky IV* pursuant to Rule 60(d) of the Federal Rules of Civil Procedure. (Compl. ¶¶ 1–2, 78). The Complaint also asserts causes of action for violation of Section 6103 and 7431(a)(2) of the Internal Revenue Code (*id.* ¶ 79) and based on the "continuing violation" and "equitable tolling" doctrines (*id.* ¶ 80). Named as defendants are the Campaign Finance Board; the current Corporation Counsel; the Sheriff; Weisman, Tomassetti, and Suh; and Justice Rakower. (*Id.* at 1 (caption) & ¶¶ 48–50).

Plaintiff's letter motion for recusal of the undersigned asserts that in *Brodsky IV*, the Second Circuit "issued a mandate explicitly reinstating the defendants and reversing prior actions taken by your Honor." (Dkt. No. 12). Plaintiff further asserts that the Second Circuit's decision reflects a determination that the undersigned "exceeded Article III boundaries by dismissing defendants without the parties' explicit consent as required under 28 U.S.C. § 636(c)." (*Id.*). According to

Plaintiff, in light of the Second Circuit's "findings and the resulting structural jurisdictional issues, an objective observer could reasonably question the fairness and impartiality of further proceedings before your Honor," warranting recusal under 28 U.S.C. § 455(a). (*Id.*).

Although Plaintiff's motion does not specify what defendants Plaintiff contends were reinstated by the Second Circuit's mandate, her other filings in this case provide clarity. In a separate motion for recusal filed before Judge Engelmayer, also on October 8, 2026, Plaintiff asserts that the undersigned "previously terminated multiple defendants from the docket and effectively extinguished this case under a restrictive application of the service rules," and claims that the Second Circuit "explicitly corrected this overreach by amending the case caption to include and restore all defendants that Magistrate Judge Stein had improperly terminated." (Dkt. No. 13). Further, the Complaint specifically challenges the undersigned's November 13, 2024 Order directing that the Clerk remove Rakower, Weisman, and Tomassetti from the docket (Compl. ¶ 28), and contends that "[t]he defendant employees were all reinstated on Appeal" and that the Second Circuit "subsequently issued a mandate adding these parties back to the caption[.]" (*id.* ¶ 32 (citing the Second Circuit's instruction in footnote 1 of its decision directing the Clerk of Court "to amend the caption as set forth above"); *see also* Dkt. No. 6).

Based on these other submissions, it is clear that when Plaintiff's recusal motion alleges that the undersigned improperly dismissed "defendants" from

*Brodsky IV* that were subsequently "reinstated" by the Second Circuit, Plaintiff is referring to Rakower, Weisman, and Tomassetti.

## LEGAL STANDARDS

Section 455(a) requires that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "[T]he test for whether an appearance of partiality exists 'is an objective one based on what a reasonable person knowing all the facts would conclude.'" *Litovich v. Bank of Am. Corp.*, 106 F.4th 218, 224 (2d Cir. 2024) (quoting *Chase Manhattan Bank v. Affiliated FM Ins. Co.*, 343 F.3d 120, 127 (2d Cir. 2003)). "[R]ecusal is warranted if 'an objective, disinterested observer fully informed of the underlying facts [would] entertain significant doubt that justice would be done absent recusal.'" *Hayes v. ASCAP*, No. 24 Civ. 1883 (LTS), 2024 WL 4215765, at *2 (S.D.N.Y. Sept. 16, 2024) (quoting *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003)).

"Section 455(a) has been described as a 'catchall recusal provision,'" *Litovich*, 106 F.4th at 224 (citation omitted), that "complements [Section] 455(b), which addresses the problem of actual bias by mandating recusal in certain specific circumstances where partiality is presumed." *United States v. Bayless*, 201 F.3d 116, 126 (2d Cir. 2000); *see* 28 U.S.C. § 455(b). "Unlike section 455(b), which enumerates specific circumstances constituting *actual* conflicts of interest, the purpose of section 455(a) is 'to promote confidence in the judiciary by avoiding even the *appearance* of impropriety whenever possible.'" *Hardy v. United States*, 878

F.2d 94, 96 (2d Cir. 1989) (emphasis in original) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988)); *see Litovich*, 106 F.4th at 224.[1]

"[R]ecusal is not warranted where the only challenged conduct 'consist[s] of judicial rulings, routine trial administration efforts, and ordinary admonishments . . . to counsel and to witnesses,' where the conduct occurs during judicial proceedings, and where the judge 'neither (1) relie[s] upon knowledge acquired outside such proceedings nor (2) display[s] deep-seated and unequivocal antagonism that would render fair judgment impossible.'" *S.E.C. v. Razmilovic*, 738 F.3d 14, 29–30 (quoting *Liteky v. United States*, 510 U.S. 540, 556 (1994)); *see also LoCascio v. United States*, 473 F.3d 493, 495 (2d Cir. 2007) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.") (citation omitted).

"'The [Second Circuit] has cautioned that . . . the grounds asserted in a recusal motion must be scrutinized with care, and judges should not recuse themselves solely because a party claims an appearance of partiality.'" *Sun v. Mo*, No. 24 Civ. 3630 (KPF), 2024 WL 4252580, at *2 (S.D.N.Y. Sept. 19, 2024) (quoting *Barnett v. United States*, No. 11 Civ. 2376 (LAP), 2012 WL 1003594, at *1 (S.D.N.Y. Mar. 26, 2012)). Importantly, "where the standards governing disqualification are *not* met, 'disqualification is not optional; rather, it is prohibited.'" *Id.* (emphasis in original) (quoting *In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001)).

Motions to recuse are non-dispositive and thus may be decided by a magistrate judge by order rather than via a report and recommendation. *See, e.g.*,

[1] Plaintiff's recusal motion relies solely on Section 455(a) and does not claim the existence of any actual conflict under Section 455(b). (*See* Dkt. No. 12).

*Kaweske v. Banco Bradesco S.A.*, No. 25 Civ. 6588 (JLR) (TFT), 2026 WL 2690639, at *4 (S.D.N.Y. Sept. 14, 2026); *Adams v. Co-Op City Dep't of Pub. Safety*, No. 21 Civ. 2675 (DEH) (BCM), 2024 WL 3459248, at *2 & n.20 (S.D.N.Y. July 18, 2024); *Oneill v. Macy*, No. 19 Civ. 1336V(F), 2020 WL 14011062, at *1 n.1 (W.D.N.Y. Sept. 28, 2020).

## DISCUSSION

Plaintiff's recusal motion rests upon a flawed premise: that the Second Circuit reversed the district court's dismissal of Rakower, Weisman, and Tomassetti and reinstated them as defendants in *Brodsky IV*. In reality, the Second Circuit did no such thing. To the contrary, the Second Circuit *affirmed* this Court's judgment and did not reverse the dismissal of any of Plaintiff's claims or direct that any defendants be reinstated. *See Brodsky IV*, 2025 WL 3062334, at *3 ("[W]e **AFFIRM** the judgment of the district court." (emphasis in original)).

Plaintiff's claim relies on the amended case caption in the Second Circuit's decision and accompanying footnote directing the Clerk of Court to amend the case caption accordingly. *See Brodsky IV*, 2025 WL 3062334 (caption & n.*). That caption grouped the defendants into two categories: (1) the Campaign Finance Board, the Corporation Counsel, and the Sheriff, described in the caption as "Defendants-Appellees," and (2) Weisman, Rakower, and Tomassetti, described in the caption simply as "Defendants." *Id.* (caption). As noted above, Plaintiff interprets the caption amendment as a decision to reinstate her claims against Weisman, Rakower, and Tomassetti. But that interpretation is simply mistaken.

The amendment to the case caption shows that the Second Circuit agreed that there were other defendants in the case beyond the defendants-appellees. The undersigned had reached a similar determination in the R&R, after Plaintiff made her motion disputing the undersigned's November 13, 2024 Order terminating Weisman, Tomassetti, and Rakower as defendants. As noted above, the R&R, based on the statements in Plaintiff's motion, construed the *Brodsky IV* complaint to assert claims against Weisman and Tomassetti (as well as Suh). *Brodsky IV*, 2025 WL 795909, at *5. Judge Engelmayer's O&O did the same. *Brodsky IV*, 2025 WL 785756, at *1 n.2.[2]

But both the R&R and the O&O went on to conclude that Plaintiff's claims against Weisman and Tomassetti (and Suh) were barred by *res judicata*. *Brodsky IV*, 2025 WL 795909, at *5 n.9; *Brodsky IV*, 2025 WL 785756, at *4. The amendment to the case caption in no way suggests that the Second Circuit disagreed with that conclusion or directed that Plaintiff's claims against the former Campaign Finance Board employees proceed or be reinstated. To the contrary, Brodsky's brief on appeal argued that *res judicata* should not bar her claims against the former Campaign Finance Board employees, and the Second Circuit specifically rejected that argument, concluding, as it had in *Brodsky III*, that such former employees "'were in privity with the Board because Brodsky's allegations relate to

[2] Thus, contrary to Plaintiff's assertion, the Court's November 13, 2024 Order itself was not the basis for the dismissal of any her claims. Rather, as Plaintiff's November 19, 2024 motion requested, the undersigned revisited the November 13, 2024 Order in the R&R, ultimately concluding that Plaintiff's complaint should be construed as naming Weisman and Tomassetti (but not Rakower) as defendants. Those conclusions were then reviewed and adopted by Judge Engelmayer.

conduct taken in their official capacities.'" *Brodsky IV*, 2025 WL 3062334, at *2 (quoting *Brodsky III*, 2023 WL 3162125, at *2); *see also* Brief of Appellant Pro Se, No. 25-596-cv, Dkt. No. 17.1, at 22-27 (2d Cir. May 12, 2025).

Nor did the Second Circuit reinstate any claims against Justice Rakower. Granted, the addition of Justice Rakower to the case caption might be understood as reflecting tacit disagreement with the conclusion in the R&R and the O&O that the *Brodsky IV* complaint should not be construed to name Justice Rakower as a defendant, though the Second Circuit did not articulate any disagreement with that conclusion. Regardless, nothing in the Second Circuit's decision indicates any disagreement with the R&R's and O&O's conclusion—based on the Second Circuit's own determination in *Brodsky II*—that any claims by Plaintiff against Justice Rakower would be barred by the doctrine of judicial immunity. *See Brodsky IV*, 2025 WL 795909, at *6 n.10; *Brodsky IV*, 2025 WL 785756, at *1 n.2. To the contrary, the Second Circuit's decision in *Brodsky IV* specifically reaffirmed its prior determination that "any claim [against Justice Rakower] would be barred by judicial immunity." *Brodsky IV*, 2025 WL 3062334, at *2 n.2 (citing *Brodsky II*, 796 F. App'x at 5 n.1).

In short, the Second Circuit's amendment to the caption simply acknowledged that certain defendants were appellees in the appeal before it (*i.e.*, those who had appeared below and moved to dismiss), while there were other defendants who were not appellees. This was a housekeeping matter, and cannot reasonably be viewed as a substantive determination to reverse the dismissal of any

of Plaintiff's claims or to reinstate her claims against any defendant. As a result, the stated basis for Plaintiff's recusal motion is unfounded.

Finally, even if the undersigned did commit error in any ruling in *Brodsky IV*, that itself would not be grounds for recusal. *See Oakley v. MSG Networks, Inc.*, No. 17 Civ. 6903 (RJS), 2023 WL 4373262, at *2 (S.D.N.Y. June 13, 2023) (rejecting logic of plaintiff's argument that "would require recusal of any judge who granted a motion to dismiss . . . and then was reversed on appeal, which is clearly not the law of this, or any, Circuit"); *Knopf v. Phillips*, No. 16 Civ. 6601 (DLC), 2020 WL 8707806, at *2 (S.D.N.Y. May 29, 2020) ("Error in rulings is always to be regretted, but the fact that rulings by a district court have been reversed on appeal is not a ground for recusal of the district court judge."). Plaintiff does not claim any bias or antagonism against her, or point to any extrajudicial conduct. Applying the objective test for recusal under Section 455(a), I cannot conclude that a reasonable person knowing all the facts would find any appearance of impropriety or partiality under the circumstances present here.

As the standard for disqualification under 28 U.S.C. § 455 is not satisfied, the Court is obliged to deny Plaintiff's motion. *See Sun*, 2024 WL 4252580, at *2; *see also In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988) ("A judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is.").

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for recusal is **DENIED**.

Dated: New York, New York
October 22, 2026

The Honorable Gary Stein
United States Magistrate Judge